Approved: _____
CHRISTINE I. MAGDO
Assistant United States Attorney

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

RANDY WANG,

               Defendant.

- - - - - - - - - - - - - - - - - x

SEALED COMPLAINT

Violations of
18 U.S.C. §§ 1343 & 2

COUNTY OF OFFENSES:
New York

17 MAG 9211

SOUTHERN DISTRICT OF NEW YORK, ss.:

    PAUL ROONEY, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") and charges as follows:

### COUNT ONE
### (Wire Fraud)

    1. From at least in or about January 2016 through in or about October 2017, in the Southern District of New York and elsewhere, RANDY WANG, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds for the purpose of executing such scheme and artifice to defraud, to wit, WANG defrauded a company during his employment as that company's business manager, by converting funds that belonged to the company to his own use and the use of others, including through the use of the internet and wire transfers.

    (Title 18, United States Code, Sections 1343 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2.    I have been a Special Agent with HSI for approximately two years, and, before that, I was a Special Agent with the Internal Revenue Service, Criminal Investigations, for six years. I am currently assigned to the El Dorado Task Force, a multi-agency group that is responsible for investigating violations of the federal securities and commodities laws, as well as wire, bank, and mail fraud laws and related offenses. I have participated in numerous investigations of these offenses, and I have made and participated in making arrests of numerous individuals for committing such offenses.

3.    The information contained in this Complaint is based upon my personal knowledge, as well as information obtained during this investigation, directly or indirectly, from other sources, including documents and information provided to me by others.  Because this Complaint is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions and statements of and conversations with others are reported herein, they are reported in substance and in part. Where figures, calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

**BACKGROUND**

4.    At all times relevant to this Complaint, a company located in New York, New York not named herein (the "Company") managed a global airline alliance whose members consisted of approximately 13 international airlines and approximately 30 of the airlines' affiliates.

5.    From in or about October 2011 through in or about February 2014, RANDY WANG, the defendant, was employed by the Company as a Business Analyst. From in or about July 2014 through in or about November 2017, WANG was employed by the Company as a Business Manager. For the last approximately two months of his employment with the Company, WANG also served as the Company's interim Chief Financial Officer.

6.    In his capacity as the Company's Business Manager, RANDY WANG, the defendant, had access to the Company's corporate credit card account (the "Company Credit Card Account"). WANG was issued a credit card in WANG's name under the Company Credit Card Account to enable WANG to make purchases on behalf of the

Company. WANG also had access to the Company's books and records, including the electronic accounting system that the Company used to, among other things, track and audit the Company's expenses (the "Accounting System").

## THE OFFENSE CONDUCT

7. As set forth below, there is probable cause to believe that from at least in or about January 2016 through in or about October 2017, RANDY WANG, the defendant, defrauded the Company, located in New York, New York, by converting to his use and the use of others purchases that WANG had made using the Company Credit Card Account, in a total of approximately $2,200,000, without the authorization of the Company. In order to accomplish this unauthorized use of the Company Credit Card Account, WANG changed, and caused to be changed, certain entries in the Accounting System pertaining to the unauthorized purchases that WANG had made using the Company Credit Card Account.

8. Based on my review of records provided by the Company, by online and brick-and-mortar ("B&M") retailers, financial institutions, a credit card issuer, and an online payment processor, and my interviews of representatives of the Company and employees of certain retailers, I have learned that:

    a. From at least in or about January 2016 through in or about October 2017, RANDY WANG, the defendant, used the Company Credit Card Account to make hundreds of unauthorized purchases at various online and B&M merchants, including B&M merchants located in New York, New York. These purchases included at least 443 laptop computers (the "Laptops"), 241 mobile electronic devices, 24 tablet computers, and numerous other electronics and electronics accessories (collectively, the "Electronics").

    b. The Electronics purchased at the B&M retailers were picked up either by WANG or by an individual acting at WANG's direction.

    c. At least approximately 158 Laptops purchased at the online retailers, using the means of the internet and wire transfers, were shipped to WANG's residence in Long Island City, New York (the "Residence").

    d. The total value of the Electronics purchased without authorization by WANG using the Company Credit Card Account was approximately $2,214,404.

   e. WANG had no legitimate business purpose in purchasing the Electronics using the Corporate Credit Card.

   f. From in or about 2016 through in or about October 2017, WANG, in order to accomplish and evade detection of this unauthorized use of the Company Credit Card Account, changed, and caused to be changed, entries in the Accounting System related to his authorized use of the Company Credit Card.

  9. Based on my review of court filings, records provided to me by the Company, and my interviews of representatives of the Company, I have learned that:

   a. On or about November 8, 2017, the Company terminated the employment of RANDY WANG, the defendant.

   b. On or about November 9, 2017, the Company filed a civil complaint (the "Civil Complaint") against WANG, which was served on WANG at his Residence on or about the same day. The Civil Complaint sets forth the conduct related to WANG's unauthorized use of the Company Credit Card Account as alleged in Paragraph 8 of this Complaint, as well as other alleged misconduct by WANG.

   c. On or about November 12, 2017, WANG sent an email to the CEO of the Company, in which WANG admitted, in sum and in substance, that WANG had engaged in the conduct described in the Civil Complaint related to WANG's use of the Company Credit Card Account.

  WHEREFORE, I respectfully request that an arrest warrant be issued for RANDY WANG, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
PAUL ROONEY
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to before me this
12 day of December, 2017

_____
HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK